# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| E. M., A MINOR; S.M., NEXT FRIEND; AND C.S., NEXT FRIEND <br><br> v. <br><br> LEWISVILLE INDEPENDENT SCHOOL DISTRICT | § § § § § § § § § <br><br> Civil Action No. 4:15-CV-00564 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Lewisville Independent School District's Motion for Partial Dismissal of Plaintiff's Second Amended Original Complaint (Dkt. #15). Having considered the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

Plaintiff E.M. ("Plaintiff") is a student with a disability who resided within the Lewisville Independent School District ("LISD"). On April 14, 2014, Plaintiff filed a special education due process hearing request (the "first due process hearing") with the Texas Education Agency pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"). The first due process hearing was held before a Special Education Hearing Officer ("Hearing Officer") in March 2015. On May 22, 2015, the Hearing Officer issued a decision finding that the LISD provided Plaintiff a free appropriate public education as required by the IDEA. On August 20, 2015, Plaintiff filed a complaint with the Court appealing the Hearing Officer's decision.

While the first due process hearing was pending, Plaintiff filed a second special education due process hearing request (the "second due process hearing") on March 26, 2015. On August 21, 2015, the Hearing Officer dismissed the second due process hearing request, holding that the first due process hearing barred the second due process hearing by collateral estoppel, res

judicata, and preclusion. On August 30, 2015, Plaintiff filed a Motion for Reconsideration of the Order of Dismissal. The Hearing Officer did not respond to the Motion for Reconsideration. On December 10, 2015, Plaintiff filed an Amended Original Complaint with the Court appealing the dismissal of the second due process hearing request (Dkt. #2). Plaintiff filed a Second Amended Original Complaint on May 13, 2016 (Dkt. #14). The LISD filed the pending Motion to Dismiss Part of Plaintiff's Second Amended Original Complaint on May 27, 2016 (Dkt. #15). Plaintiff filed a response on June 24, 2016 (Dkt. #21). The LISD replied on July 1, 2016 (Dkt. #22). On July 11, 2016, Plaintiff filed a sur-reply (Dkt. #23).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional challenge under Rule 12(b)(1) before addressing any challenge on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the

2

burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## ANALYSIS

The LISD moves for partial dismissal of Plaintiff's Second Amended Original Complaint for lack of subject matter jurisdiction. The LISD argues that the IDEA ninety-day statute of limitations bars Plaintiff's appeal of the second due process hearing. Plaintiff, on the other hand, contends that the statutory time limit in the IDEA is not a subject-matter jurisdictional bar, but a statute of limitations that Defendant failed to assert as an affirmative defense. This argument is without merit.

The Fifth Circuit has not ruled whether the statute of limitations in the IDEA is jurisdictional. However, the Court has previously held that the ninety-day filing period is mandatory and jurisdictional. *C.B. v. Argyle Indep. Sch. Dist.*, No. 4:11CV619, 2012 WL 695834, at *3 (E.D. Tex. Feb. 7, 2012), *report and recommendation adopted*, No. 4:11CV619, 2012 WL 695833 (E.D. Tex. Mar. 1, 2012). The plain language of the IDEA provides that any party aggrieved by the findings and decision of a due process hearing brought pursuant to the IDEA "shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A). However, "[t]he party bringing the action shall have 90 days from the date of the decision of the Hearing Officer to bring such an action, or, if the State has an explicit

3

time limitation for bringing such action under this subchapter, in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(B). Texas follows the ninety-day time frame contemplated in 20 U.S.C. § 1415(i)(2)(B). *See* 19 Tex. Admin. Code § 89.1185(o) (Tex. Dep't Educ., Hearing).

Here, the Hearing Officer issued the second due process hearing decision on August 21, 2015. Plaintiff filed her Amended Original Complaint appealing the August 21, 2015 decision on December 10, 2015. Plaintiff's appeal of the second due process hearing was thus not brought ninety days from the date of the decision of the hearing officer as required by the IDEA.

Plaintiff next argues that the Texas Administrative Code and Texas Rules of Civil Procedure allow for a motion for reconsideration, which would toll the time period required to file a timely notice of appeal. However, nothing in the Texas Administrative Code allows for a motion for reconsideration of a hearing officer's decision. On the contrary, Texas Administrative Code Section 89.1185(n) provides that "the decision issued by the hearing officer is final, except that any party aggrieved by the findings and decision made by the hearing officer, or the performance thereof by any other party, may bring a civil action with respect to the issues presented at the hearing in any state court of competent jurisdiction or in a district court of the United States." 19 Tex. Admin. Code § 89.1185. Texas Rule of Civil Procedure 329b allows for a motion for a new trial and motions to modify, correct, or reform judgments. Tex. R. Civ. P. 329b. However, even if Plaintiff's motion for reconsideration is considered a Rule 329b motion, the timeline for appeal is only tolled if a judgment is modified, corrected or reformed. Tex. R. Civ. P. 329b(h). Here, the Hearing Officer did not modify, correct or reform its judgment. Plaintiff's appeal of the second due process hearing was therefore untimely filed and is time-barred.

## CONCLUSION

It is therefore **ORDERED** that Defendant Lewisville Independent School District's Motion for Partial Dismissal of Plaintiff's Second Amended Original Complaint (Dkt. #15) is hereby **GRANTED** and Plaintiff's appeal of the Special Education Hearing Officer's second decision dated August 21, 2015, is hereby **DISMISSED** for lack of subject matter jurisdiction.

**SIGNED this 9th day of January, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE