# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| E. M., A MINOR; S.M., NEXT FRIEND; AND C.S., NEXT FRIEND | § § § § § § § § | |
| v. | | Civil Action No. 4:15-CV-00564<br>Judge Mazzant |
| LEWISVILLE INDEPENDENT SCHOOL DISTRICT | | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Motion to Submit Additional Evidence to the Record (Dkt. #18). After considering the relevant pleadings, the Court finds the motion should be denied.

## BACKGROUND

Plaintiff is a student with a disability who attended school within the Lewisville Independent School District ("LISD") until December 2014. The LISD was responsible for providing Plaintiff with a free appropriate public education under the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 *et seq.* (the "IDEA").

On April 14, 2014, Plaintiff filed a special education due process hearing request with the Texas Education Agency pursuant to the IDEA alleging that the LISD failed to provide Plaintiff with a free appropriate public education during the 2013-2014 school year and 2014-2015 school year. The due process hearing was held before a Special Education Hearing Officer ("Hearing Officer") in March 2015. On May 22, 2015, the Hearing Officer issued a decision finding that the LISD provided Plaintiff a free appropriate public education as required by the IDEA. On August 20, 2015, Plaintiff filed a complaint with the Court appealing the Hearing Officer's decision.

On June 7, 2016, Plaintiff filed the pending Motion to Submit Additional Evidence to the Record (Dkt. #18). Plaintiff seeks to introduce twenty-two exhibits which Plaintiff asserts were

denied admission at the administrative due process hearing. Plaintiff further seeks to introduce evidence not available at the time of the administrative due process hearing, including recent progress reports and evaluations provided by private therapy providers. On June 17, 2016, the LISD filed a response (Dkt. #20).

**LEGAL STANDARD**

Although the role of the judiciary under the IDEA is limited, and the choice of educational policies and methods is in the hands of state and local school officials, "a federal district court's review of a special education hearing officer's decision in a due process hearing is virtually *de novo*." *S.H. ex rel. A.H. v. Plano Indep. Sch. Dist.*, 487 Fed. App'x. 850, 855–856 (5th Cir. 2012) (citation omitted). While the district court must give "due weight" to the hearing officer's decision, it must reach an independent decision based on a preponderance of the evidence before it. *Klein Indep. Sch. Dist. v. Hovem*, 690 F.3d 390, 394 (5th Cir. 2012); *Houston Indep. Sch. Dist. v. V.P. ex rel. Juan P.*, 582 F.3d 576, 583 (5th Cir. 2009); *Houston Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 347 (5th Cir. 2000) ("*Bobby R.*"). The Court's task, therefore, is not to second guess a school district's decisions or impose its own plans for the education of disabled students; rather, it is the narrow one of determining whether a school district complied with the IDEA. *White ex. Rel. White v. Ascension Parish Sch. Bd.*, 343 F.3d 373, 377 (5th Cir. 2003) (citation omitted).

As to what evidence the Court is to consider, the statutory framework of the IDEA provides:

> In any action brought under this paragraph, the court—
> (i) shall receive the records of the administrative proceedings;
> (ii) **shall hear additional evidence at the request of a party**; and
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(C) (emphasis added).

The plain statutory language of the IDEA directs courts to "hear additional evidence at the request of a party," and Fifth Circuit opinions are clear that additional evidence should be considered as part of a district court's *de novo* review of a special education hearing officer's decisions under the IDEA. *Alvin Indep. Sch. Dist. v. A.D. ex rel. Patricia F.*, 503 F.3d 378, 382–383 (5th Cir. 2007) (citing *Teague Indep. Sch. Dist. v. Todd L.*, 999 F.2d 127, 131 (5th Cir. 1993).

However, the Fifth Circuit has not directly addressed how "additional evidence" is defined. *T.C. v. Lewisville Indep. Sch. Dist.*, No. 4:13CV186, 2015 WL 178979, at *2 (E.D. Tex. Jan. 14, 2015). Without specific guidance from the Fifth Circuit, district courts within the Fifth Circuit, have applied the standard set forth in *Town of Burlington v. Department of Education for the Commonwealth of Massachusetts,* 736 F.2d 773, 790 (1st Cir.1984) to determine what constitutes permissible "additional evidence." *See T.C. v. Lewisville Indep. Sch. Dist.*, 2015 WL 178979, at *2; *E.C. v. Lewisville Indep. Sch. Dist.*, No. 4:11-CV-00056, 2012 WL 1070131, at *2 (E.D. Tex. Mar. 29, 2012); *S.H. ex rel A.H. v. Plano Indep. Sch. Dist.*, 2009 WL 500180, at *2; *Marc V. v. N. E. Indep. Sch. Dist.*, 455 F. Supp. 2d 577, 587 (W.D. Tex. 2006), *aff'd sub nom. Marc V ex rel. Eugene V v. N. E. Indep. Sch. Dist*., 242 F. App'x 271 (5th Cir. 2007*); D.A. v. Houston Indep. Sch. Dist.*, 716 F. Supp. 2d at 616 (S.D. Tex. 2009).

In *Town of Burlington*, the First Circuit discussed the limitations of the IDEA's "additional evidence" provision. 736 F.2d 773, 790 (1st Cir.1984). The court construed the term "additional" in the ordinary sense of the word, to mean "supplemental." *Id.* "Thus, construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony." *Id.* Permissible reasons for supplementing the record with additional evidence include "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper

exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Id.*

Accordingly, courts have previously found that "Section 1415's requirement that the Court consider additional evidence upon the request of a party does not apply to any evidence that was available or readily discoverable at the time of the administrative hearing." *E.C. v. Lewisville Indep. Sch. Dist.*, 2012 WL 1070131, at *2. Likewise, the *Town of Burlington* factors suggest that the admission of additional evidence is primarily concerned with remedying issues outside of a plaintiff's control, such as unavailability of a witness or gaps in the administrative transcript owing to mechanical failure. *See T.C. v. Lewisville Indep. Sch. Dist.*, 2015 WL 178979, at *3 n. 1 (citing *Town of Burlington*, 736 F.2d at 790–91). "When a party chooses not to introduce evidence below, whether through oversight or for deliberate, strategic reasons, there is less of a case for admitting the evidence on review." *Id.*; *see Walker Cnty. Sch. Dist. v. Bennett ex rel. Bennett*, 203 F.3d 1293, 1297 (11th Cir. 2000) (permitting previously available evidence to be offered in the district court "would raise the dual concerns of unfairly permitting the parties to reserve their best evidence for trial while essentially converting an administrative review proceeding into a trial *de novo*"); *Brandon H. ex rel. Richard H. v. Kennewick Sch. Dist. No. 17*, 82 F. Supp. 2d 1174, 1183 (E.D. Wash. 2000) (declining to admit additional evidence that was available to the plaintiff at the administrative level where plaintiff "failed to show that he could not have, by due diligence, discovered the information in time to offer it at the hearing").

Further, Plaintiffs seeking to supplement the existing record with evidence regarding a student's progress after leaving a school district must provide the Court with a "solid justification" for supplementing the existing record. *S.H. ex rel A.H. v. Plano Indep. Sch. Dist.*, 2009 WL 500180, at *2; *Marc V.*, 455 F. Supp. 2d at 590. It is "not necessary" for the Court to consider

4

evidence regarding a student's progress after he left the school district to determine whether the school district provided a free appropriate public education while the student attended the school district. *S.H. ex rel A.H. v. Plano Indep. Sch. Dist.*, 2009 WL 500180, at *2. Further, courts have warned against the dangers of considering evidence regarding a student's progress after the student left the district, stating:

> "[A]fter-acquired evidence, such as information received through the experience of an alternative placement, should be used by courts only in assessing the reasonableness of the district's initial decisions regarding a particular [individualized education program] or the provision of special education services . . . Courts must be vigilant . . . that neither the statute nor reason countenance 'Monday Morning Quarterbacking' in evaluating the appropriateness of a child's placement. The dangers inherent in this process of second-guessing the decisions of a school district with information to which it could not possibly have had access at the time it made those decisions are great. As appellants recognize, it indeed would be unfair "to adopt a rule under which [a] district would [be] financially penalized for an [individualized education program] that, while apparently appropriate at the time it was developed, turned out in hindsight to be inadequate."

*Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 762 (3d Cir. 1995). *See also Thompson R2-J Sch. Dist. v. Luke P., ex rel. Jeff P.*, 540 F.3d 1143, 1149 (10th Cir. 2008); *K.E. ex rel. K.E. v. Indep. Sch. Dist. No. 15*, 647 F.3d 795, 808 (8th Cir. 2011); *Adams v. State of Oregon*, 195 F.3d 1141, 1149 (9th Cir. 1999); *A.Y. v. Cumberland Valley Sch. Dist.*, 569 F. Supp. 2d 496, 507 (M.D. Pa. 2008).

## ANALYSIS

*Evidence Denied at the Administrative Due Process Hearing*

Plaintiff seeks to admit evidence that Plaintiff contends was improperly denied admission at the administrative due process hearing. This evidence includes twenty-two exhibits contained in Plaintiff's disclosures in the due process hearing. Plaintiff did not move for the admission of Exhibit 3; Exhibit 17; Exhibit 18; Exhibit 19; Exhibit 22; Exhibit 25; Exhibit 36; Exhibit 39, pages 1–76 and 80–91; Exhibit 44; Exhibit 68; and Exhibit 70. "When a party chooses not to introduce

5

evidence below, whether through oversight or for deliberate, strategic reasons, there is less of a case for admitting the evidence on review." *T.C. v. Lewisville Indep. Sch. Dist.*, 2015 WL 178979, at *3 n. 1. These exhibits thus will not be admitted as additional evidence.

Plaintiff did seek admission of Exhibit 30 (AR 4057-4058); Exhibit 39, pages 77–80 (AR 3986–3987, 4062–4063); Exhibit 40, pages 1 through 40 (AR 03691); Exhibit 47 (AR 003535); Exhibit 76 (AR 003800); Exhibit 79 (AR 003575) and Exhibit 67 (AR 4060-4061). The Hearing Officer correctly excluded these exhibits as hearsay, for failure to authenticate the documents, and for failure to meet the requirements of Texas Rule of Evidence 803(18). Further, under the *Town of Burlington* factors, a party is not permitted "at trial to repeat or embellish their prior administrative hearing testimony." 736 F.2d at 790.

Plaintiff's request to admit Exhibit 48, pages 3–5; Exhibit 62, pages 7–16 and 23–34; and Exhibit 66, pages 1–4 and 67–68 is moot as these exhibits were already admitted during the underlying due process hearing. Plaintiff's motion to admit other portions of these exhibits is denied because Plaintiff did not seek to admit these exhibits in the due process hearing. Plaintiff's motion to admit Exhibit 50 is likewise denied because Plaintiff withdrew her request to admit the exhibit during the due process hearing.

*Evidence of Recent Progress Reports and Evaluations*

Plaintiff also seeks to admit evidence of progress reports and evaluations provided by private providers "to determine whether E.M. has made progress on her [individualized education program] in her private placement." As noted above, evidence regarding a student's progress after the student has left the district is only admissible in assessing the reasonableness of the district's initial decisions regarding a particular individualized education program. The Court should not second-guess "the decisions of a school district with information to which it could not possibly have had access at the time it made those decisions." Further, Plaintiff does not state how the

evidence will demonstrate that her initial individualized education program was inadequate or unreasonable. Plaintiff thus has not provided a "solid justification" for admitting evidence that the school district did not have at the time it developed Plaintiff's individualized education program. The Court denies Plaintiff's motion to admit recent progress reports and evaluations provided by her private providers.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Submit Additional Evidence to the Record (Dkt. #18) is hereby **DENIED**.

**SIGNED this 11th day of January, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE