# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| E. M., A MINOR; S.M., NEXT FRIEND; AND C.S., NEXT FRIEND | § § § | |
| v. | § § | Civil Action No. 4:15-CV-00564<br>Judge Mazzant |
| LEWISVILLE INDEPENDENT SCHOOL DISTRICT | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration of the Judgment (Dkt. #30). Having considered the pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff E.M. is a student with a disability who resided within the Lewisville Independent School District ("LISD"). On April 14, 2014, Plaintiff filed a special education due process hearing request (the "first due process hearing") with the Texas Education Agency pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"). The first due process hearing was held before a Special Education Hearing Officer ("Hearing Officer") in March 2015. On March 26, 2015, before the Hearing Officer reached a decision regarding the first due process hearing, Plaintiff filed a second special education due process hearing request (the "second due process hearing").

On May 22, 2015, the Hearing Officer issued a decision regarding the first due process hearing and found that the LISD provided Plaintiff a free appropriate public education as required by the IDEA. On August 20, 2015, Plaintiff filed a complaint with the Court appealing the Hearing Officer's decision.

On August 21, 2015, the Hearing Officer dismissed the second due process hearing request, holding that the first due process hearing barred the second due process hearing by collateral estoppel, res judicata, and preclusion. On August 30, 2015, Plaintiff filed a Motion for Reconsideration of the order dismissing the second due process hearing request. The Hearing Officer did not respond to the Motion for Reconsideration. On December 10, 2015, Plaintiff filed an Amended Original Complaint with the Court appealing the dismissal of the second due process hearing request (Dkt. #2).

On May 27, 2016, the LISD filed a Motion to Dismiss Part of Plaintiff's Second Amended Original Complaint (Dkt. #15). The LISD argued that the IDEA ninety-day statute of limitations barred Plaintiff's appeal of the August 21, 2015 order dismissing the second due process hearing request. The LISD noted that Plaintiff did not appeal the August 21, 2015 dismissal until December 10, 2015.

On January 9, 2016, the Court granted the LISD's Motion to Dismiss Part of Plaintiff's Second Amended Original Complaint (Dkt. #24). On February 7, 2017, Plaintiff filed a motion for reconsideration of the judgment (Dkt. #30). On February 20, 2017, the LISD filed a response (Dkt. #32).

**LEGAL STANDARD**

Although Federal Rule of Civil Procedure 54(b) applies to motions for reconsideration of an interlocutory order, courts have utilized the standards of Rule 59 when analyzing such motions. *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) ("considerations similar to those under Rules 59 and 60 inform the Court's analysis"); *T-M Vacuum Prod., Inc. v. TAISC, Inc.*, No. H-07-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008), *aff'd sub nom. T-M Vacuum Prod. v. Taisc, Inc.*, 336 Fed. Appx. 441 (5th Cir. 2009) ("Rule

59(e)'s legal standards are applied to motions for reconsideration of interlocutory orders."). "Although the general rule is that motions for reconsideration will not be considered when filed more than [twenty-eight] days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders." *T-M Vacuum Prod., Inc.*, 2008 WL 2785636, at *2 (citing *Standard Quimica De Venez. v. Cent. Hispano Int'l, Inc.*, 189 F.R.D. 202, 204 (D.P.R. 1999)).[1] Therefore, "[a] court may consider a motion to reconsider an interlocutory order so long as the motion is not filed unreasonably late." *Id.* (citing *Standard Quimica De Venez.*, 189 F.R.D. at 205; *Martinez v. Bohls Equip. Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (W.D. Tex. July 18, 2005)).

A motion seeking reconsideration, "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo v. Young*, No. 6:11-CV-350, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012) (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479).

---

[1] Federal Rule of Civil Procedure 59(e) was amended in 2009, in which it provided for the twenty-eight day limitation. The case referenced by the Court, uses the original ten day limit, as it was decided before the amendment took effect.

## ANALYSIS

The Court granted the LISD's Motion to Dismiss Part of Plaintiff's Second Amended Original Complaint because "Plaintiff's appeal of the second due process hearing was . . . not brought ninety days from the date of the decision of the Hearing Officer as required by the IDEA." (Dkt. #24). Under the IDEA, a party "shall have 90 days from the date of the decision of the Hearing Officer to bring [a civil] action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(B); 34 C.F.R. § 300.516. The Court further held that under the Texas Administrative Code, Section 89.1185(n) "the decision issued by the hearing officer is final, except that any party aggrieved by the findings and decision made by the hearing officer . . . may bring a civil action . . . in a district court of the United States as provided in 34 C.F.R. § 300.516." 19 Tex. Admin. Code § 89.1185.

In Plaintiff's response to Defendant's Motion to Dismiss Part of Plaintiff's Second Amended Original Complaint, Plaintiff argued that upon filing a motion for reconsideration, the Texas Rules of Civil Procedure "allow for the tolling of the time period required to file a timely notice of appeal" and cited to "TRCP 329h." (Dkt. #21 at ¶ 18). The Court did not hold that the Texas Rules of Civil Procedure applied to Plaintiff's claim and did not apply Rule 329b(h) to Plaintiff's claim. The Court noted that Rule 329b(h) did not apply because "the Hearing Officer did not modify, correct or reform its judgment." (Dkt. #24).

Plaintiff argues in its motion for reconsideration that the Court erred by not applying Texas Rule of Civil Procedure 329b(c) to Plaintiff's claim. Plaintiff argues that because the Hearing Officer did not rule on her August 30, 2015 motion for reconsideration, the timeline to appeal the Hearing Officer's decision began to run when the motion for reconsideration was overruled by

operation of law seventy-five days after Plaintiff filed the motion.[2] However, as noted above, Plaintiff's claim was not timely because it was not brought ninety days from the date of the Hearing Officer's decision as required by the IDEA. *See* 20 U.S.C. § 1415(i)(2)(B); 34 C.F.R. § 300.516. *See also Letter from Office of Special Education Programs ("OSEP") to Weiner*, 57 IDELR 79 (Oct. 28 2010) (stating that allowing a Hearing Officer to consider a motion for reconsideration of a due process hearing decision was inconsistent with the IDEA); United States Department of Education, Questions and Answers on IDEA Part B Dispute Resolution Procedures, OSEP Memo 13–08, 34 (2013) (stating that "once a final decision has been issued [by a Hearing Officer], no motion for reconsideration is permissible").

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Reconsideration of the Judgment (Dkt. #30) is hereby **DENIED**.

SIGNED this 4th day of May, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] Texas Rule of Civil Procedure 329b(c) provides that "in the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period." Tex. R. Civ. P. 329b(c).

5