# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| E. M., A MINOR; S.M., NEXT FRIEND; AND C.S., NEXT FRIEND <br><br> v. <br><br> LEWISVILLE INDEPENDENT SCHOOL DISTRICT | § § § § § § § § § <br> Civil Action No. 4:15-CV-00564 <br><br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration of the Judgment Denying Additional Evidence (Dkt. #33). Having considered the pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff is a student with a disability who attended school within the Lewisville Independent School District ("LISD") until December 2014. The LISD was responsible for providing Plaintiff with a free appropriate public education under the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 *et seq.* (the "IDEA").

On April 14, 2014, Plaintiff filed a special education due process hearing request with the Texas Education Agency pursuant to the IDEA alleging that the LISD failed to provide Plaintiff with a free appropriate public education during the 2013-2014 school year and 2014-2015 school year. The due process hearing was held before a Special Education Hearing Officer ("Hearing Officer") in March 2015. On May 22, 2015, the Hearing Officer issued a decision finding that the LISD provided Plaintiff a free appropriate public education as required by the IDEA. On August 20, 2015, Plaintiff filed a complaint with the Court appealing the Hearing Officer's decision.

On June 7, 2016, Plaintiff filed a Motion to Submit Additional Evidence to the Record (Dkt. #18). Plaintiff sought to introduce twenty-two exhibits which Plaintiff asserted were denied admission at the administrative due process hearing. Plaintiff further sought to introduce evidence not available at the time of the administrative due process hearing, including recent progress reports and evaluations provided by private therapy providers.

On January 11, 2017, the Court denied Plaintiff's motion (Dkt. #25). On February 8, 2017, Plaintiff filed a Motion for Reconsideration of the Judgment Denying Additional Evidence (Dkt. #33). On February 20, 2017, the LISD filed a response (Dkt. #33).

**LEGAL STANDARD**

Although Federal Rule of Civil Procedure 54(b) applies to motions for reconsideration of an interlocutory order, courts have utilized the standards of Rule 59 when analyzing such motions. *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) ("considerations similar to those under Rules 59 and 60 inform the Court's analysis"); *T-M Vacuum Prod., Inc. v. TAISC, Inc.*, No. H-07-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008), *aff'd sub nom. T-M Vacuum Prod. v. Taisc, Inc.*, 336 Fed. Appx. 441 (5th Cir. 2009) ("Rule 59(e)'s legal standards are applied to motions for reconsideration of interlocutory orders."). "Although the general rule is that motions for reconsideration will not be considered when filed more than [twenty-eight] days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders." *T-M Vacuum Prod., Inc.*, 2008 WL 2785636, at *2 (citing *Standard Quimica De Venez. v. Cent. Hispano Int'l, Inc.*, 189 F.R.D. 202, 204 (D.P.R. 1999)).[1] Therefore, "[a] court may consider a motion to reconsider an interlocutory order so long as the motion is not filed unreasonably late." *Id.* (citing *Standard Quimica De Venez.*, 189 F.R.D.

---

[1] Federal Rule of Civil Procedure 59(e) was amended in 2009, in which it provided for the twenty-eight day limitation. The case referenced by the Court, uses the original ten day limit, as it was decided before the amendment took effect.

2

at 205; *Martinez v. Bohls Equip. Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (W.D. Tex. July 18, 2005)).

A motion seeking reconsideration, "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo v. Young*, No. 6:11-CV-350, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012) (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479).

**ANALYSIS**

Plaintiff first argues that Exhibit 3 was admitted in the due process hearing and the Court improperly denied its admission. However, the administrative record demonstrates that Plaintiff did not move for admission of Exhibit 3 (AR 3399-3400). Plaintiff also asks the Court to reconsider its decision to deny admission of Exhibits 30, 67, and 62 and Plaintiff's recent progress reports and evaluations. As noted above, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. Plaintiff's motion for reconsideration restates the arguments in Plaintiff's original motion to submit additional evidence and is therefore denied.

**CONCLUSION**

It is therefore **ORDERED** that Plaintiff's Motion for Reconsideration of the Judgment Denying Additional Evidence (Dkt. #33) is hereby **DENIED**.

**SIGNED this 4th day of May, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE